FILED
AUG 17 2015
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Selina Miller, | ) |
| Plaintiff, | ) ) ) Case: 1:15-cv-01332 |
| v. | ) Assigned To : Unassigned ) Assign. Date : 8/17/2015 |
| New Salem Baptist Church *et al.*, | ) Description: Pro Se Gen. Civil ) |
| Defendants. | ) ) |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff is a resident of Columbus, Ohio. She has brought a defamation suit against a church, a newspaper, and three individuals all based in Columbus, Ohio, and the Washington Post based in the District of Columbia. Jurisdiction is lacking because the complaint does not present a federal question, and plaintiff and at least one of the defendants reside in the same state so as to defeat diversity jurisdiction. *See Morton v. Claytor*, 946 F.2d 1565 (D.C. Cir. 1991)

(Table) ("Complete diversity of citizenship is required in order for jurisdiction to lie under 28 U.S.C. § 1332."); *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C .2007) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant.") (citations omitted). Plaintiff's recourse lies, if at all, in the appropriate state court in Ohio. Hence, this case will be dismissed without prejudice.

United States District Judge

DATE: August 13, 2015